# HOWARD BODY *vs.* ELLA J. COOPER, NEXT FRIEND, ETC.

*Liability of Estate of Deceased Member of Limited Partnership Association to Creditor for Debt Created after his Death—Lease to Firm Executed by one Partner.*

A Pennsylvania statute provides that in case a judgment against a limited partnership association shall not be satisfied, then execution may be issued against any member thereof to the extent of his unpaid subscription to the capital of the association. After the death of C., a member of such an association, a judgment was confessed in Pennsylvania in favor of the plaintiff upon a single bill executed by the association also after C.'s death. *Held*, that C.'s estate is not liable for such judgment to the plaintiff, since neither under the language of the statute, nor by the general law of partnership, is the estate of · a deceased member liable for debts of the firm created after his death.

Where a lease to a partnership was executed by one partner alone, but another partner authorized the lease and tenancy, the estate of the latter is liable for the rent due by the firm.

Cross-appeals from an order of the Circuit Court for Cecil County (STUMP, J.), ratifying an Auditor's account rejecting certain claims and allowing others filed against the funds arising from the sale of the real estate of Charles A. Cooper, deceased. The case is stated in the opinion of the Court.

The cause was argued before BRYAN, McSHERRY, FOW-LER, BRISCOE, PAGE and BOYD, JJ.

*W. T. Warburton*, for Bodey.

*William S. Evans* (with whom was *James F. Evans* on the brief), for Cooper.

FOWLER, J., delivered the opinion of the Court.

Charles A. Cooper died intestate on the 26th March, 1891, in the city of Philadelphia, seized and possessed of certain real estate situated in Cecil County, in this State. It is conceded that his personal estate is not sufficient to pay his debts, and hence the claims here in question, if otherwise valid, would be proper claims against the proceeds of sale of his real estate, which has been sold by decree of the Circuit Court of said county, passed in a cause therein pending, which was instituted at the instance and for the benefit of the widow and heir at law of said Cooper.

In the Court below several accounts were stated by the auditor, but the one which was finally ratified, allowed one and rejected the other of the two claims which are involved n the cross-appeals now before us. Both of these claims were filed by Howard Bodey, who has appealed from the order of the Court below so far as it rejects his claim based on a judgment which he recovered in a Pennsylvania Court against the Kindergarten Novelty Company, of which company the said Charles A. Cooper was a member when he died; and Ella J. Cooper, the widow of said Cooper, and next friend of his infant son and only heir at law, has appealed from so much of said order as allows said Bodey's claim for rent claimed to be due him by the firm of Weston & Company, of which the said Cooper and one William H. Weston were the sole members.

We will briefly consider these claims in order to ascertain whether, under all the circumstances of this case, they should be allowed as against the estate of said Cooper. 1. The judgment claim alone is involved in Bodey's appeal.

As we have already said, this judgment was recovered in Pennsylvania against the Kindergarten Novelty Company, Limited, a partnership association formed under the laws of that State. *Purdon's Digest*, p. 1086. The appellant Bodey contends that the said judgment should be paid by Cooper's estate, he having been a member of said Novelty Company; because the Pennsylvania statute under which said company was organized provides that the members of any such partnership association shall not be liable to any judgment which shall be recovered against such association, or for any of its debts unless an execution shall first be issued against it and returned not satisfied, in which case execution "may be issued against any of the members to the extent of the portion of their subscription respectively, in the capital of the association not then paid up." If this personal liability can be enforced at all in the way here attempted, it must be shown, first: that execution has been duly issued against the association and returned not satisfied; and secondly, that the member proceeded against has not paid up his subscription to the capital. The first fact is sufficiently established by the evidence of the record of the Pennsylvania judgment and the proceedings thereon, by which it appears that upon execution issued by said Bodey against said Novelty Company he was able to realize from the property of said company only a very small portion of his judgment. But in regard to the consequences resulting from the other fact, namely, a failure to pay the amount of capital subscribed for, there is more difficulty. If it should be conceded that in this case Cooper did not pay the amount of capital of the association which he agreed to pay, he would, if living, upon a compliance by the creditors with the provisions of the statute, be liable for its *bona fide* debts which were created while he was a member, to the extent and in the manner by said statute provided.

But in this case the judgment creditor of the association is seeking to enforce his claim not against the member, but against the estate of one who is no longer a member, his

connection with the association having been dissolved by death. And in addition to this it also appears that the judgment was confessed by the association in favor of Bodey subsequent to the death of Cooper, and that, too, upon a cause of action, a single bill, executed by the association after Cooper's death, in recognition of a claim against it which is not satisfactorily shown to have had any existence during his life. Such a claim, we do not think should be allowed as against Cooper's estate. It was most strongly contended, however, that the claim is fraudulent and was made up for the purpose of despoiling the estate of Cooper, he being the only one connected with the insolvent association who had any pecuniary responsibility. But we deem it unnecessary to discuss this part of the case further, for we are satisfied that upon a fair construction of the statute relied on by the appellant, Bodey, that the estate of said Cooper should not be burdened with the payment of this claim. The appellant's judgment is against the association, and except by reason of the statute of Pennsylvania relating to the formation of limited partnership associations, or because of some general rule of partnership law applicable to all partnerships, his remedy would be against the association alone. The association was formed, it may be assumed, for the purpose of avoiding the unlimited and general liability of a general partner in an ordinary commercial partnership, and therefore, unless we find something in the statute itself which makes the estate of a deceased member liable for a debt of the association which was created after his death, or unless the same result follows from some settled rule of the general law of partnership, the attempt here made to fasten this claim upon the estate of Cooper must fail. We have already quoted the provision of the statute which creates the personal liability of members, and it does not appear to us to contemplate such a proceeding as we have before us. If property of the association sufficient to satisfy the judgment cannot be found, it is provided that the execution may be issued against " any of the members to

the extent of the portion of their subscription respectively in the capital of the association not then paid up." But does this provision apply to a judgment claim like the one we are considering? If Cooper, instead of being as he was a member of an association with limited liability, had been a general partner and subject to the unlimited liability of such a relation, his estate upon his death would not have been held because the claim here in question was not shown to have been in existence when he died, but on the contrary, the cause of action was dated and the judgment was confessed subsequent thereto. This being so, it would not seem reasonable to place upon him, unless required so to do by the express terms of the statute, a greater burden than that imposed by law upon a general partner. In *Parsons on Partnership*, p. 588, it is said that in general joint stock companies and limited partnership associations "are partnerships, and are subject to the law of partnership," except in so far as the law under which such associations may be formed shall by express provision change or modify the rights and liabilities growing out of a general partnership relation.

We think, for the reasons we have given, without intending to concede the *bona fides* of the judgment claim that it was properly refused payment out of the estate of Charles A. Cooper.

2. The other claim is for rent and was allowed by the Court below. The allowance of this claim is the only question raised by the appeal of Ella J. Cooper, as next friend of Charles S. Cooper.

The lease under which the rent is claimed is dated 2nd July, 1889, and was for a term of five years, the amount of the rent reserved being six hundred dollars per annum. The lessor is Howard Bodey, the appellant in the first appeal, and the lessees are the said Cooper and William H. Weston, trading as Weston & Company, in Philadelphia, the lease having been executed in the firm name of Weston & Company by William H. Weston alone. The amount of rent

claimed to be due and allowed below is $1,783, but it would appear, if the credits are correct, that the correct balance is $1,683.

It appears from the evidence that neither the firm of Weston & Company nor the surviving partner has any assets, and therefore the only source from which payment can be had is from the fund in the Court below, produced by the sale of said Cooper's real estate. The ground upon which the payment of that claim is resisted by those to whom the fund would otherwise go, is that one partner, without special authority, cannot by his execution of a lease under seal bind his co-partner jointly with himself, and that there is no evidence in this case to show any such special authority given by Cooper to Weston; and secondly, that the lease in question is a fraud and in fact had no existence during the life of Cooper, or that if it then existed it had been cancelled. It will be observed, however, that so far as the evidence before us shows anything, the lease was not under seal. But even if the lease had been so executed, we think it reasonably clear from Cooper's conduct, taken in connection with the evidence, that he assented to the leasing and acquiesced in the placing of the firm's signature to the lease. He was the member of the firm who gave particular attention to the manufacturing which was carried on in the leased building. It appears from the testimony of Weston, the other member of the firm, that Bodey at Cooper's request had leased the building in question for the term of five years, at $600 per year, and that Cooper had asked Bodey to secure the lease, because the latter, it was supposed, could make better terms with the landlord than the former would be able to secure. Weston also says that it was arranged that Bodey should sub-lease to Weston & Co. at the same price, the latter agreeing to protect the former and hold him harmless, and that it was simply an act of accommodation on the part of Bodey to the firm. If, as we think appears from the testimony, Cooper induced Bodey in the first place to lease the

premises, and agreed that he should lease them to the firm of Weston & Co., Cooper must be held to have assented to the lease and the execution thereof in the firm name of Weston, even if it was a sealed instrument. *Herzog* v. *Sawyer*, 61 Md. 345.

Based upon the testimony of the witness Kent, it was contended that the lease under which the rent is claimed, was either cancelled or agreed so to be by Weston & Cooper, and that by the combined fraud of the former and Bodey, the lease offered in evidence is now being used to sustain a fictitious claim. But we do not think the testimony warrants such a conclusion.

> *Order affirmed, cause remanded,*
> *half of the costs to be paid out of*
> *the fund and the remainder by*
> *Howard Bodey.*

(Decided March 24th, 1896.)